IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHERRY GOLDSBY and | ) | |
| TEYONNA OLDS, individually and | ) | |
| on behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:09-cv-975-TFM |
| | ) | [wo] |
| DAVID ASH, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This action is assigned to the undersigned magistrate judge to conduct all proceedings and order entry of judgment by consent of all the parties (Docs. 42-43, filed January 19, 2010) and 28 U.S.C. § 636(c).  Pending before the Court is *Defendants' Motion to Transfer Venue and Supporting Brief* (Doc. 39, filed January 19, 2010).  For good cause, it is **ORDERED** that the motion is **GRANTED**.

### I.   JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. §§ 201 *et seq* (Fair Labor Standards Act).  The parties do not contest personal jurisdiction, and there are adequate allegations to support it.  Defendants move to transfer venue and that is the subject of this opinion.

## II.   BACKGROUND AND PROCEDURAL HISTORY

On October 19, 2009, Plaintiffs filed a Complaint against Defendants asserting claims

under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA").  *See* Doc.

1, Complaint. Defendants are six individuals who are current or former management-level

and supervisory employees at Renosol Seating, LLC's Selma, Alabama manufacturing

facility (hereinafter "Renosol").  On November 25, 2009, Plaintiffs filed their Amended

Complaint.  *See* Doc. 26, Amended Complaint.  Plaintiffs aver they were routinely provided

unpaid rest and meal breaks that were twenty minutes or less in violation of FLSA.  *Id*.  Next,

they assert Defendants failed to pay Plaintiffs and others similarly situated the statutory rate

for overtime for hours worked in excess of forty hours each week.  *Id*.  Plaintiffs seek to

recover unpaid wages, liquidated damages, costs and attorneys fees.  *Id*.  Defendants timely

filed their motion to transfer venue on January 19, 2010.  *See* Doc. 39.   Defendants

concurrently filed a motion to dismiss, which is not addressed in this opinion.  *See* Doc. 40.

The motion to transfer venue has been fully briefed and is ripe for review.  *See* Docs. 39, 47,

and 48.

## III.   STANDARD OF REVIEW

### A.   First-Filed Rule

The "first-filed rule" is a well established rule of comity which holds that when parties

have instituted competing or parallel litigation in separate courts, the court initially having

jurisdiction should hear the case.  *Allstate Ins. Co. v. Clohessy*, 9 F.Supp.2d 1314, 1315-16

(M.D. Fla. 1998); *see also Manuel v. Convergys Corp.*, 430 F.3d 1132, 1136 (11th Cir. 2005) (citations omitted) ("where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit.").  Consequently, the Eleventh Circuit requires that "the party objecting to jurisdiction in the first-filed forum carry the burden of proving compelling circumstances to warrant an exception to the first-filed rule."  *Id.* (internal quotations omitted).

The purpose of the rule is "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."  *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985).  Moreover, it simply promotes judicial efficiency.  That said, "the first-filed rule should not be applied too rigidly or mechanically and a District Court may in its discretion decline to follow the first-filed rule if following it would frustrate rather than further these purposes."  *United States v. 22.58 Acres of Land*, 2010 WL 4311254, *5 (M.D. Ala. 2010) (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991)).

Duplicative lawsuits are those in which the issues "have such an identity that a determination in one action leaves little or nothing to be determined in the other."  *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp.2d 686, 688 (E.D. Tenn. 2005) (quoting *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997)).  To determine whether actions are duplicative and the first-to-file rule applies, courts consider three factors: (1) the chronology of the

actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake. *Id*. (citations omitted).  It is important to note that the parties and issues need not be identical, but rather the parties and issues should substantially overlap.  *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950-51 (5th Cir. 1997); *Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, — F.Supp.2d — , — , 2010 WL 126171 (D. Kan. 2010); *Fuller*, 370 F.Supp.2d at 688; *22.58 Acres of Land*, 2010 WL 431254 at \*5; *SPEC Intern, Inc. v. Patent Rights Protections Group, LLC*, 2009 WL 736826, \*3 (W.D. Mich. 2009).

## B.    28 U.S.C. § 1404(a)

Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to a district where it could have been brought for (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice.  28 U.S.C. § 1404(a); *Robinson v. Giamarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996).  However, "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations."  *Robinson*, 74 F.3d at 260 (quoting *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. Unit B 1981)).[1]  The burden is on the movant to establish that the suggested form is more convenient.  *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989); *see also Cent. Money Mortgage Co. v. Holman*, 122 F.Supp.2d 1345, 1346 ("the movant has the burden of persuading the trial court that the transfer of venue should be granted"); *Verret v. State of Alabama Dep't of Mental*

---

[1]        *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

*Health*, 2007 WL 2609777 (M.D. Ala. 2007) (unpublished) (burden is on the movant). Nevertheless, the decision whether to transfer is within the discretion of the trial court, and the decision must be an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S.22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964)).

Resolution of a § 1404(a) motion involves a two-pronged analysis. *C.M.B. Foods, Inc. v. Corral of Middle Ga.*, 396 F.Supp.2d 1283, 1286 (M.D. Ala. 2005). First, the court must determine whether the action could "originally have been brought in the proposed transferee district court," *Id.* (quoting *Folkes v. Haley*, 64 F.Supp.2d 1152, 1155 (M.D. Ala. 1999). Then, the court must determine whether the action should be transferred "for the convenience of the parties [and] in the interest of justice." *Id.* Only where both prongs are satisfied will a § 1404(a) motion be granted.

## IV. DISCUSSION AND ANALYSIS

### A. Transfer pursuant to the First-Filed Rule

Defendants contend that Plaintiffs' action is duplicative of an action previously filed in the United States District Court for the Southern District of Alabama, *Sherry Goldsby, on behalf of herself and all others similarly situated v. Renosol Seating, LLC*, Civ. Act. No. 2:08-cv-148 (S.D. Ala. 2008) (hereinafter "Renosol case"). *See* Doc. 39, Ex. A. In the Renosol case, Goldsby claims that Renosol violated the Fair Labor Standards Act ("FLSA")

with regard to her compensation and demands payment of unpaid wages, liquidated damages, attorneys' fees and other damages. *Id*.

On October 19, 2009, Plaintiffs Sherry Goldsby and Teyonna Olds, on behalf of themselves and all others similarly situated, filed the instant suit in the Middle District of Alabama against a group of six individual current and former management level and supervisory employees from Renosol's Dallas County Facility. *See* Doc. 1, Complaint. Again, Plaintiffs assert violations of FLSA and demand unpaid wages, liquidated damages, attorneys' fees and costs. *See* Doc. 26, Amended Complaint.

To determine whether transfer under the first-filed rule is appropriate, the Court looks to the chronology of the actions, the similarity of the parties involved, and the similarity of the issues at stake. *XTO Energy*, — F. Supp.2d at — , 2010 WL 126171 (citation omitted); *Fuller*, 370 F. Supp.2d at 688. The Renosol action is undoubtedly the first filed action as it was initiated on March 18, 2008, while the instant suit was filed October 19, 2009. A scheduling order was entered in the Renosol case on June 30, 2008 (Renosol Doc. 18) and the collective action was conditionally certified on December 12, 2008 (Renosol Doc. 31). Next, an amended scheduling order was entered on May 5, 2009 (Renosol Doc. 54). In short, prior to the action being stayed pursuant to 11 U.S.C. § 362(a), the case was already underway. In contrast, no scheduling order has been entered in this lawsuit and discovery has not begun in part due to the pendency of these motions. Defendants contend that this action is substantially similar to the Renosol action while Plaintiffs aver that the action is <u>not</u>

substantially similar because the named defendants are different and there is no substantial overlapping of the claims.

The Court finds that the parties in the two actions substantially overlap.  Though the named defendants are different, the six named defendants in this suit are all current or former employees of Renosol and each held a management level/supervisory position as the Dallas County facility.  Plaintiffs assert that because these six defendants "are not parties to the Renosol suit, the Defendants have failed to establish that there are substantial overlapping parties involved."  *See* Doc. 47 at p. 8.  While it is true none of them are individually named in the Renosol case, they are being sued for their actions as Renosol supervisors.  Again, it is important to note that the parties need not be identical. The Court finds here that the defendants are effectively substantially similar.  Moreover, there are overlapping plaintiffs. The named plaintiffs in both cases are current and former employees at the Renosol manufacturing facility in Selma, Alabama.  Further, the named plaintiff Sherry Goldsby is the same.  Therefore, the collective classes are the same.  Based on all the above the Court finds substantial overlap in the parties.

Next, the Court looks to whether there is substantial overlap in the claims.  Both actions seek certification of the same class, defining the class as "all current and former hourly employees of [Defendant / Defendants] that were employed at [its / Renosol Seating, LLC's] Selma, Alabama facility and was not compensated the required statutory pay for all hours worked."  *Compare* Renosol Doc. 1 *with* Doc. 26 in instant suit.  Based on the above,

the Court finds that the case is due to be transferred under the first-filed rule.

**B.      Transfer pursuant to 28 U.S.C. § 1404(a)**

The Court notes that this case is being transferred pursuant to the Court's inherent

authority under the first-filed rule.  However, in the alternative, even if the first-filed rule was

inapplicable, the Court determines the case would also merit transfer under 28 U.S.C. §

1404(a) in the interests of justice.

Looking at the first prong of the two prong analysis, there is no question that the case

could have originally been brought in the Southern District of Alabama.   Plaintiffs

acknowledge that the actions occurred in Dallas County and that some of the plaintiffs live

in the Southern District of Alabama.[2]  *See* Doc. 47 at p. 10-11.  Therefore, the court may

move beyond the threshold question of *could* the suit be brought in the Southern District and

now look to the second prong of whether it *should* be transferred to the Southern District.

Section 1404 factors include (1) the convenience of the witnesses; (2) the location of relevant

documents and the relative ease of access to sources of proof; (3) the convenience of the

parties; (4) the locus of operative facts; (5) the availability of process to compel the

attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's

familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and

(9) trial efficiency and the interests of justice, based on the totality of the circumstances.

---

[2]       Plaintiff argue that approximately half the plaintiffs and two defendants live in
Montgomery, Chilton, and Autauga Counties, but implicitly acknowledge that the remaining
parties reside in counties with the Southern District of Alabama.  *See* Doc. 47 at p. 11; *see also*
Doc. 1.

*Manuel*, 430 F.3d at 1135 n. 1 (citation omitted).

In looking to these factors, the court first looks to the convenience of the witnesses which is often said to be the "most important factor" in deciding whether to transfer. *Gould*, 990 F.Supp. at 1359 (quoting *Hutchens v. Bill Heard Chevrolet Co.*, 928 F.Supp. 1089, 1091 (M.D. Ala. 1996)). In the case at hand, as aptly noted by Plaintiffs, the difference between the federal courthouse in Selma and the federal courthouse in Montgomery is fifty (50) miles, so the difference is not a significant factor. *See Bay County Democratic Party v. Land*, 340 F.Supp.2d 802, 809 (E.D. Mich. 2004) (100 miles does not affect convenience of the parties); *Verret v. State of Ala. Dep't of Mental Health*, 2007 WL 2609777 (M.D. Ala. 2007) (unpublished) (169 miles does not affect convenience of the parties). Tied in with this same analysis is element three. As the difference in distance is minimal, these elements weigh against transfer.

Element four clearly weighs in favor of transfer since the facility is located in Selma within the Southern District of Alabama. Element two also slightly tilts towards transfer as the majority of the relevant documents are likely co-located with the company which is in the Southern District of Alabama, though admittedly given the difference in distance as noted above, the effect is slight. Elements five, six, and seven are not significant enough to affect this analysis, so the Court need not address them.

As to element eight, Plaintiffs are correct that the court usually affords deference to their selected forum. However, deference to a plaintiff's chosen forum is significantly

lessened in two situations relevant to this case.  First, Plaintiffs' choice of forum is entitled to less deference when the action is one brought on behalf of a class of persons similarly situated, as is the case here.  *See Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524, 67 S.Ct. 828, 832, 91 L.Ed. 1067 (1947) ("[W]here there are hundreds of potential plaintiffs, all equally entitled voluntarily to invest themselves with the corporation's cause of action and all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened.").  Second, when "the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration."  *Gould v. Nat'l Life Ins. Co.*, 990 F.Supp. 1354, 1358 (M.D. Ala. 1998) (quoting *Garay v. BRK Electronics*, 755 F.Supp. 1010, 1011 (M.D. Fla. 1991)).  As such, the Court affords little deference to Plaintiff's selected forum.

Element nine is the crux of the matter, in this Court's opinion.  The most persuasive reason to transfer this action is that a related action involving the same issues is currently pending in the Southern District of Alabama.  This case is a collective class and at the time this suit was filed, there was already such a class conditionally certified in the Southern District of Alabama.  Even if this Court were to decline application of the first-filed rule, it simply makes sense to transfer this case in the interest of judicial economy.  Much of the discovery will be the same and these actions clearly should be consolidated for the purposes of adjudication in order to promote judicial economy, preserve judicial resources, and avoid

inconsistent rulings and judgments.

## V.  CONCLUSION

Pursuant to the foregoing *Memorandum Opinion*, the Court grants *Defendants'*
*Motion to Transfer Venue and Supporting Brief* (Doc. 39).  This case shall be transferred to
the United States District Court Southern District of Alabama - Selma Division.  The Clerk
is **DIRECTED** to take appropriate steps to promptly effect the transfer.  Any other pending
motions are left for resolution by the United States District Court Southern District of
Alabama.

DONE this 22nd day of April, 2010.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE